## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD LESLIE WOOTEN II,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1387-M** |
| | ) | |
| **JOE M. ALLBAUGH, Director,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Richard Leslie Wooten II, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. As outlined herein, the undersigned recommends that the action be transferred to the United States District Court for the Northern District of Oklahoma.

Petitioner is serving a sentence of 25 years' incarceration, followed by a 15-year suspended sentence, pursuant to a January 2012 criminal conviction entered in, and imposed by, the District Court of Tulsa County, Oklahoma. Tulsa County lies in the territorial jurisdiction of the Northern District of Oklahoma. Pet. (Doc. No. 1) at 1;[1] 28 U.S.C. § 116(a). Petitioner, however, filed his Petition while confined at Lawton Correctional Facility in Lawton, Oklahoma. *See* Pet. at 1. The city of Lawton is located

---

[1] References to the Petition use the CM/ECF pagination.

in Comanche County, Oklahoma, which lies in the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

The allegations of the Petition therefore establish that both this Court and the United States District Court for the Northern District of Oklahoma have jurisdiction over this habeas proceeding. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Pursuant to the relevant statute, however, this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination." *Id.*

In his pleading, Petitioner alleges that he is entitled to relief from his January 2012 Tulsa County District Court criminal conviction because of various improprieties that occurred during his criminal proceedings and upon the entry of his guilty plea and sentence, e.g.: the invalid arrest of Petitioner and unlawful seizure of items from his home; the bias and improper conduct of the trial judge; the unconstitutionality and inapplicability of the charging statute; ineffective assistance of trial counsel; and the invalidity of his plea and of the criminal sentence issued by the trial court. *See* Pet. at 5-44; Pet. Ex. 1 (Doc. No. 1-1) at 3-43. Thus, Petitioner's habeas claims challenge his state-court criminal proceedings in the Northern District of Oklahoma rather than the execution or administration of any prison sentence being served in the Western District of Oklahoma. *See id.*

It follows that relevant records and officials generally will be located in the judicial district in which Petitioner was tried and convicted. And "if a hearing is required, trial

counsel for the prosecution and any necessary witnesses should be available in the district where the conviction was obtained." *Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (transferring § 2254 action and noting that "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction").

Under these circumstances, the undersigned recommends transfer of the action to the Northern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." *See* 28 U.S.C. § 2241(d); *see, e.g.*, *Watie v. Aldredge*, No. CIV-15-1205-HE, 2016 WL 1337287 (W.D. Okla. Apr. 5, 2016).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Northern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 25, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner further is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

The Clerk of the Court is directed to electronically serve a copy of this Report and Recommendation on Respondent and on the Attorney General for the State of Oklahoma at fhc.docket@oag.state.ok.us.

ENTERED this 4th day of April, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE