# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LESLIE WOOTON, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 17-CV-202-TCK-FHM |
| ) | |
| JIMMY MARTIN, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner, a state prisoner appearing pro se,[2] brings this 28 U.S.C. § 2254 habeas corpus action to challenge the constitutionality of his convictions and sentences in the District Court of Tulsa County, Oklahoma, Case No. CF-2010-3241. Doc. 1 at 1.[3] Before the Court is Respondent's motion to dismiss the petition as time barred under 28 U.S.C. § 2244(d)'s one-year statute of limitation (Doc. 19). For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be granted and that the petition for writ of habeas corpus shall be dismissed with prejudice.

---

[1] According to the Oklahoma Department of Corrections website, Petitioner is currently incarcerated at North Fork Correctional Center (NFCC) in Sayre, Oklahoma. *See* https://okoffender.doc.ok.gov, last visited February 6, 2018. Jimmy Martin, the current warden of NFCC is therefore substituted in place of Tracy McCollum as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note the substitution on the record.

[2] Because Petitioner appears pro se, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] For consistency, the Court's record citations refer to the court-stamped page numbers in the upper right-hand corner of each document.

*BACKGROUND*

In December 2011, Petitioner pleaded guilty to eight counts of possessing child pornography, in violation of OKLA. STAT. tit. 21, § 1024.2. Doc. 1 at 1; Doc. 20-1; Doc. 20-2 at 3-6. On January 24, 2012, the state district court adjudged Petitioner guilty, imposed eight, consecutive five-year prison sentences, and suspended three of the sentences, resulting in a controlling sentence of 40 years' imprisonment with the last 15 years suspended. Doc. 20-1; Doc. 20-2 at 7-8. Petitioner did not seek to withdraw his pleas or file a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA).

On June 14, 2012, Petitioner filed an application for post-conviction relief in state court, asserting two propositions of error. Doc. 20-3. By order filed March 14, 2013, the state district court rejected Petitioner's first error on the merits, found his second error waived, and denied Petitioner's application for post-conviction relief. Doc. 20-5. Petitioner did not file a post-conviction appeal with the OCCA.

On May 15, 2015, Petitioner filed a second application for post-conviction relief in state court, asserting 11 propositions of error. Doc. 1 at 3; Doc. 20 at 2; Doc. 1-1 at 51-52.[4] By order filed September 23, 2015, the state district court denied the application finding all of the alleged errors were procedurally barred. Doc. 1-1 at 49-55. Petitioner timely filed a post-conviction appeal, and the OCCA affirmed the denial of post-conviction relief by order filed December 30, 2015. *See* Doc. 22 at 40.

---

[4] The state district court noted that Petitioner also filed an application for post-conviction relief on July 15, 2015, but further noted that the July 15 application was "essentially a typed copy of Petitioner's hand-written application filed May 15, 2015," and that both applications alleged the same 11 errors. Doc. 1-1 at 51.

Petitioner filed the instant federal habeas petition (Doc. 1) in the United States District Court for the Western District of Oklahoma on December 2, 2016.[5] The case was transferred to this Court on April 13, 2017. *See* Doc. 13. In response to the petition, Respondent filed a motion to dismiss (Doc. 19) and supporting brief (Doc. 20), asserting that the petition is time barred under § 2244(d)(1)'s one-year statute of limitation. Petitioner filed a response to the motion (Doc. 21), and two supplements to his response (Docs. 22, 26).

## *ANALYSIS*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a one-year limitation period in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In general, the limitation period begins to run from the date on which a prisoner's conviction becomes final. *Id.* § 2244(d)(1)(A). But it may also commence at a later date under the terms of § 2244(d)(1)(B), (C), and (D). Regardless of which date the one-year limitation period commences, the period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). And, because AEDPA's one-year limitation period is not jurisdictional, the untimeliness of a habeas petition may be excused through equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may be "overcome" through "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

---

[5] The Clerk of Court for the Western District of Oklahoma received the habeas petition on December 5, 2016. *See* Doc. 1 at 1. But Petitioner states, under penalty of perjury, that he placed the petition in the prison mailing system on December 2, 2016. *See id.* at 49. With the benefit of the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the petition was filed on December 2, 2016.

3

**A.      The petition is untimely under § 2244(d)(1)(A).**

Respondent contends, and Petitioner concedes, that his petition is untimely under § 2244(d)(1)(A).  The Court agrees.  Because Petitioner did not move to withdraw his guilty pleas, his convictions became final 10 days after his January 24, 2012 sentencing hearing, or on February 3, 2012.  *See* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (requiring defendant to file application to withdraw guilty plea within 10 days of sentencing as prerequisite to commencing certiorari appeal).  As a result, Petitioner's one-year limitation period for any federal habeas claim challenging his convictions began to run on February 4, 2012.  *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying FED. R. CIV. P. 6(a) to calculate AEDPA deadline).

Petitioner's one-year period was statutorily tolled beginning on June 14, 2012, when he filed his first application for post-conviction relief in state court.  *See* 28 U.S.C. § 2244(d)(2).  That application remained pending until March 14, 2013, when the state district court denied relief.  Doc. 20-5.[6]  Petitioner's one-year period began to run again on April 14, 2013, the day after his 30-day deadline to file a post-conviction appeal expired.  *See Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000) (affording petitioner thirty days to file post-conviction appeal as provided by state law

---

[6]      On November 27, 2012, Petitioner also filed a motion for judicial review of his sentence.  Doc. 20-4; *see* OKLA. STAT. tit. 22, § 982a.  By order filed March 11, 2013, the state district court denied the motion.  Doc. 20-6.  The Tenth Circuit has not resolved whether a motion for judicial review under OKLA. STAT. tit. 22, § 982a has any tolling effect under 28 U.S.C. § 2244(d)(2).  *See Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016) (unpublished) (noting issue is unresolved and assuming without deciding that motion for judicial review qualifies for statutory tolling). Even assuming Petitioner's motion qualifies as a tolling motion, it was resolved before his first application for post-conviction relief and therefore does not provide any beneficial tolling effect.

4

in calculating AEDPA deadline even though petitioner did not file post-conviction appeal). At that point, Petitioner had 233 days, or until December 2, 2013, to timely file his federal habeas petition. Petitioner filed his habeas petition three years later, on December 2, 2016. Doc. 1 at 49. And because Petitioner filed his second application for post-conviction relief on May 15, 2015, after his one-year period under § 2244(d)(1)(A) expired, the second application had no tolling effect. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting that applications for state post-conviction relief filed after expiration of one-year limitation period have no tolling effect under § 2244(d)(2)). Thus, unless Petitioner can demonstrate that he is eligible for a later commencement date for his one-year limitation period or that his circumstances warrant equitable tolling, his petition is time barred.

**B.     Petitioner has not demonstrated that an alternative commencement date applies.**

In his response to the motion to dismiss, Petitioner contends that his one-year period commenced on August 1, 2014, under either § 2244(d)(1)(B) or (d)(1)(D), because "the issues presented in the [habeas] petition were unknown to the Petitioner, and could not be discovered or researched until Petitioner was finally granted 'meaningful' access to the law library recourses [sic] in August of 2014." Doc. 21 at 1-3. He further contends that "[r]ecalculating the AEDPA deadline based on a finding of Removed Impediment of August of 2014 (when Petitioner was moved to an open pod with full access to the law library, inmate law clerks, and recourses [sic] and reference materials) the[] 1-year deadline has **NOT** been violated." *Id.* at 3 (emphasis in original).

Under § 2244(d)(1)(B), AEDPA's one-year period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions."

5

Citing *Bounds v. Smith*, 430 U.S. 817 (1977) and *Johnson v. Avery*, 393 U.S. 483 (1969), Petitioner asserts that he has "a fundamental constitutional right to **adequate, effective,** and **meaningful** access to Courts to challenge violations of constitutional rights," and that his "rights of access to Courts may not be **denied or obstructed**." Doc. 21 at 2 (emphases in original). Petitioner further asserts that because he was denied access to an adequate law library and legal assistance, he was "prevent[ed] from discovering and litigating constitutional violations that could have overturned his conviction months or years earlier, as well as the habeas petition." *Id.*

Prisoners do have a constitutional "right of *access to the courts*." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (emphasis in original). But they do not have "an abstract, freestanding right to a law library or legal assistance." *Id.* at 351. A prisoner alleging a constitutional deprivation based on the denial of access to legal resources must therefore "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Likewise, a prisoner seeking application of § 2244(d)(1)(B) on grounds that he was denied access to adequate legal resources must provide specific details demonstrating that the alleged denial of access "prevented" the prisoner from timely filing a federal habeas petition. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (noting that petitioner "provided no specificity regarding the alleged lack of access [to federal statutes, state case law and AEDPA materials] and the steps he took to diligently pursue his federal claims" and concluding that "[i]t is not enough to say that the [prison] lacked all relevant statues and case law or that the procedure to request specific materials was inadequate"); *see also Garcia v. Hatch*, 343 F. App'x 316, 318-19 (10th Cir. 2009) (unpublished)[7]

---

[7] This decision is not precedential, but is cited for its persuasive value. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

(reiterating that petitioner invoking § 2244(d)(1)(B) must provide specific facts to demonstrate how allegedly inadequate legal resources rendered him "incapable of filing a timely habeas petition").

Here, Petitioner alleges that he was housed in a segregated pod that was almost "continuously locked down," and that his pod was "denied access to any law library resources or reference materials." Doc. 21 at 1. Yet, Petitioner also alleges that the prisoners in his pod could submit to the law library "requests for forms or research," and that he submitted "several" such requests. *Id.* at 1-2. The gist of his complaint appears to be that his ability to request helpful information from the law library was hindered by his own lack of knowledge regarding the array of legal issues "that can be asserted in post-conviction." *Id.* at 2. However, "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Lewis*, 518 U.S. at 360. Thus, while Petitioner's allegations may support a conclusion that his limited access to legal resources generally impaired his "ability to research and learn about substantive issues," Doc. 21 at 4, he has not shown that his limited access wholly prevented him from timely filing a habeas petition. For that reason, the Court finds that § 2244(d)(1)(B) does not apply.

Petitioner relies on the same denial-of-access arguments to support application of the commencement date provided in § 2244(d)(1)(D). Under § 2244(d)(1)(D), the one-year statute of limitation commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner asserts "that being denied access to law library recourses [sic] and reference materials prevented him from discovering almost all of the grounds asserted, and no amount of 'due diligence' could have helped Petitioner

7

gain information on issues that he had no knowledge of." Doc. 21 at 2. As an example, Petitioner alleges that he "was not aware that he had been denied reasonably effective assistance of counsel due to their failure to file a motion to suppress illegally obtained evidence, until he read about it in one of the post-convictions handbooks and realized the issue was applicable to his case." *Id.* But Petitioner's arguments on this point are misguided. The limitation period provided in § 2244(d)(1)(D) begins to run when a habeas petitioner could have, with reasonable diligence, discovered the *underlying facts* that support his habeas claim, not when the petitioner could have, with additional time to comb through legal resources, discovered the *legal significance* of those facts. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). As a result, the Court also finds that § 2244(d)(1)(D) does not apply.[8]

---

[8] Even accepting Petitioner's position that his one-year period began on August 1, 2014, under either § 2244(d)(1)(B) or (d)(1)(D), the petition would still be untimely. Petitioner filed his second application for post-conviction relief on May 15, 2015, 288 days after he claims he gained meaningful access to the law library. Doc. 1-1 at 51-52; Doc. 21 at 1-3. Thus, with 77 days left of his preferred one-year limitation period, that period was statutorily tolled. *See* § 2244(d)(2). The state district court denied his second application on September 23, 2015, and the OCCA affirmed the district court's order on December 30, 2015. *See* Doc. 1-1 at 49, 57. Petitioner's one-year period therefore began to run again the next day, December 31, 2015, and Petitioner had 77 days, or until March 16, 2016, to file a timely habeas petition. But Petitioner did not file his habeas petition until nearly nine months later, on December 2, 2016. Doc. 1 at 49.
Petitioner suggests that he filed a third application for post-conviction relief on October 19, 2015, while his post-conviction appeal from the denial of his second application was pending, that the state district court deliberately failed to rule on that application, and that he was forced to "refile" his third application on May 2, 2016. Doc. 21 at 3; Doc. 22 at 1. According to records submitted by Petitioner, the state district court denied his third application for post-conviction relief on February 6, 2017. *See* Doc. 22 at 38. In doing so, the court found that Petitioner filed his third application for post-conviction relief on May 2, 2016. *Id.* The court's failure to mention any application for post-conviction relief filed on October 19, 2015, may suggest that the only "properly filed" third application for post-conviction relief was the May 2, 2016 application. *See Habteselassie v. Novak*, 209 F.3d 1208, 1211 (10th Cir. 2000) (explaining that an application for state-post conviction relief is "properly filed" if it is filed in accordance with state filing requirements). And, because

8

**C.     Petitioner has not shown that he is entitled to equitable tolling.**

Finally, the Court agrees with Respondent that Petitioner has not demonstrated any circumstances that would support equitable tolling. To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Respondent contends that Petitioner does not even attempt to make this showing in his petition. Doc. 20 at 4-5. Petitioner does assert in his petition that he understands his petition to be "[f]iled on time" because "[i]t was explained to [him] that the AEDPA limitation is 1-yr from the exhaustion of state remedies." Doc. 1 at 47. He also appears to assert that the state district court impeded his attempts to exhaust state-court remedies by ignoring his third application for post-conviction relief, which he asserts was originally filed on October 19, 2015 and "refiled" on May 2, 2016. *Id.*; *see also* Doc. 22 at 1.

To the extent Petitioner contends that his misunderstanding of AEDPA's statute of limitation supports equitable tolling, the Court disagrees. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that "it is well established that 'ignorance of the law, even for an incarcerated pro se

---

that application was filed after Petitioner's preferred one-year period expired, it had no tolling effect. *See Fisher*, 262 F.3d at 1142-43. Thus, even if Petitioner could invoke either § 2244(d)(1)(B) or (d)(1)(D), his petition would still be untimely.

9

petitioner, generally does not excuse prompt filing.'" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). And, to the extent Petitioner suggests that the state district court's alleged inaction on his October 19, 2015 application for post-conviction relief constitutes a circumstance beyond his control that prevented him from timely filing his habeas petition, the Court also finds equitable tolling unwarranted. The Court acknowledges that "equitable tolling may be applied where a court has led a particular plaintiff to believe that he or she had done all that is required under the circumstances." *Burger v. Scott*, 317 F.3d 1133, 1142 (10th Cir. 2003). But, even assuming the truth of Petitioner's allegation that he properly filed a third application for post-conviction relief on October 19, 2015, the Court finds no evidence that the state district court deliberately failed to act on that application or otherwise misled Petitioner about the status of the application. In fact, in his response, Petitioner states that he "refiled" the third application on May 2, 2016, "[a]fter several months of no reply from the district [c]ourt." Doc. 21 at 3. Petitioner's own pleadings show that he has been relatively adept at filing "objections" and seeking writs of mandamus in state court throughout his post-conviction proceedings. *See* Doc. 21 at 3; Doc. 22 at 1-2. Yet, he fails to explain, with any specificity, why he waited "several months" to follow up on his October 19, 2015 application. Under these circumstances, the Court finds no basis to support equitable tolling. Finally, to the extent Petitioner's response could be construed as proposing that equitable tolling is warranted based on his claimed lack of access to adequate legal resources, the Court rejects that proposition for the same reasons that the Court found § 2244(d)(1)(B) and (d)(1)(D) inapplicable.

## *CONCLUSION*

Petitioner's habeas petition is untimely under § 2244(d)(1)(A), and Petitioner has not demonstrated that he is entitled to a later commencement date for the one-year limitation period

10

under either § 2244(d)(1)(B) or (d)(1)(D). Petitioner also fails to demonstrate any circumstances that would entitle him to equitable tolling of AEDPA's one-year limitation period. Consequently, the Court finds that Respondent's motion to dismiss shall be granted and that Petitioner's habeas petition shall be dismissed with prejudice as time barred.

### Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the Court finds that reasonable jurists would not debate the correctness of the Court's determination that the petition is time barred, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note the substitution of Jimmy Martin, Warden, in place of Tracy McCollum, Warden, as party respondent.
2. Respondent's motion to dismiss the petition as time barred (Doc. 19) is **granted**.
3. The petition for a writ of habeas corpus (Doc. 1) is **dismissed with prejudice**.
4. A certificate of appealability is **denied**.

11

5. A separate Judgment shall be entered in this case.

   **DATED** this 14th day of February 2018.

   *Terence Kern*
   **TERENCE KERN**
   **United States District Judge**